**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

SHREE ARIHANT MOTEL, INC.,

Plaintiff,

v. Civil Action No. 3:24cv208

CITY OF HOPEWELL, VIRGINIA,

Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's MOTION FOR SANCTIONS (ECF No. 19); SHREE ARIHANT MOTEL, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS (ECF No. 20); HARMAN, CLAYTOR, CORRIGAN & WELLMAN, P.C.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 29); and PLAINTIFF'S REPLY IN SUPPORT OF SANCTIONS (ECF No. 31). For the reasons set forth below, Plaintiff's MOTION FOR SANCTIONS (ECF No. 19) will be denied.

**BACKGROUND**

Shree Arihant Motel, Inc. ("Shree") owned a strip shopping center in the City of Hopewell (the "City"). In early 2019, the City concluded that the shopping center had become dilapidated and began discussions with Shree about demolishing the blighted property. Shree and the City exchanged communications over the next two years about the City's plan for demolition. And, there were public city council meetings at which the topic was addressed.

On February 26, 2021, the City, using a controlled burn, demolished the shopping center.

Three years later, on February 21, 2024, Shree sued the City in State Court, alleging state law and federal constitutional claims, thereby making the case removable to federal court. On March 22, 2024, the City removed the case to this Court.

On March 29, 2024, the City, represented by Blaire O'Brien, Esq. ("O'Brien"), with the law firm of Harman, Claytor, Corrigan & Wellman (the "Law Firm"), filed an Answer (ECF No. 5) and a Partial Motion to Dismiss ("PMD") (ECF Nos. 3 and 4) that was addressed to the federal constitutional claims[1] and a state claim. On April 12, 2024, Shree filed a memorandum opposing the PMD (ECF No. 7), an Amended Complaint deleting the federal claims and asserting only state law claims (ECF No. 8), and a Motion to Remand with a supporting brief (ECF Nos. 9 and 10). On April 18, 2024, the Court denied the PMD as moot and directed the City to file an Answer and any other motions in response to the Amended Complaint, which the City did on April 26, 2024. At the same time, the City filed its Consent to Remand.

By ORDER entered on May 1, 2024, the Motion to Remand was granted and the case was returned to the State Court. The record

---

[1] The federal claims relied on the Fifth and Fourteenth Amendments to the United States Constitution.

teaches that no discovery occurred in the 40 days that the case was pending in this Court. Nor did any other proceedings.

Thereafter, the case continued in State Court, where the City filed a plea in bar asserting sovereign immunity to all State law claims except a State law takings claim asserted under the Virginia Constitution. City of Hopewell, Virginia v. Shree Arihant Motel, Inc., 932 S.E.2d 513 (Va. 2026).[2]

The parties conducted discovery and exchanged pleadings in the State Court before it denied the City's plea in bar based on sovereign immunity. On July 16, 2026, the Supreme Court of Virginia held that "the City has sovereign immunity from Shree Arihant's common law tort claims... statutory tort claims... and the majority of Shree Arihant's requests for declaratory relief...." Id. at 519. The Supreme Court then remanded the case for further proceedings on the "takings claim and any claims asserted by and against third parties." Id.

Now, to return to the removed/remanded 40-day federal proceedings, where seven months after remand the Sanctions Motion was filed. A review of the Sanctions Motion and the many materials filed in connection with it, shows that the allegedly sanctionable conduct has to do with a procedural mistake committed by the City

[2] The other claims were intentional trespass, statutory business conspiracy, tortious interference with a business expectancy, and waste. City of Hopewell, Virginia v. Shree Arihant Motel, Inc., 932 S.E.2d 513, 516 (Va. 2026).

of Hopewell preceding the controlled burn of the blighted shopping center (proceeding with the burn without a City Council-enacted ordinance) and how that mistake was referred to in various court filings. Very few of those references occurred while the case was in this Court. To the contrary, almost all of the references to the non-existent ordinance allegedly occurred in the State proceedings.

**DISCUSSION**

The Sanctions Motion seeks hundreds of thousands of dollars in sanctions under 28 U.S.C. § 1927 and the Court's inherent powers. Each will be considered in turn.

First, Section 1927 which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such.

On its face, Section 1927 applies to "any attorney or other person[.]" The discussion of the Supreme Court of the United States in Pavelic & LeFlore v. Marvel Ent. Grp., 493 U.S. 120, 125-27 (1989), teaches that the text "any attorney," like the text, "the person who signed" in Fed. R. Civ. P. 11, is best understood to reach the attorney who "so multiplies the proceedings," not the law firm in which the attorney is a partner or of which that attorney is an employee. And, indeed, the United States Court of

Appeals for the Fourth Circuit has so said in DeBauche v. Trani, 191 F.3d 499 (4th Cir. 1999). There are a few decisions permitting an award under Section 1927 against a firm of the offending attorney, but none since Pavelic was decided.

The clear text of Section 1927 and the fundamental instructions of Pavelic tell that sanctions under Section 1927 cannot be awarded against the Law Firm. Further, Section 1927 quite clearly does not apply to authorize sanctions against the City because the statute runs only to "attorneys" or any "other person admitted to conduct cases in any court of the United States." The City is neither.

Nor does Section 1927 authorize imposing sanctions for what may have occurred in the State Court proceedings. In re Case, 937 F.2d 1014, 1023 (5th Cir. 1991); see also Wilson v. Deutsche Bank Nat'l Tr. Co., No. 21-14036-CIV, 2022 U.S. Dist. LEXIS 67448, at *7 (S.D. Fla. Apr. 12, 2022) ("[T]he proper focus for purposes of determining whether to impose § 1927 liability is [the attorney's] conduct in these federal court proceedings"); Smith v. Psychiatric Sols., Inc., 864 F. Supp. 2d 1241, 1269 (N.D. Fla. 2012), aff'd, 750 F.3d 1253 (11th Cir. 2014) ("Nor can counsel be sanctioned for conduct committed in the state court proceedings, including the filing of the initial complaint and any subsequent events in that forum"); Jackson Cnty. Bank v. Dusablon, 2020 U.S. Dist. LEXIS 26164, No. 1:18-cv-01346, at *17 (S.D. Ind. Jan. 10, 2020) (Rule

11, Section 1927, and the inherent authority power, "do not require or permit the Court to consider 'other bad acts' that occurred outside the jurisdiction of this Court"); Granite Rock Co. v. Int'l Bd. Of Teamsters, No. C 10-03718, 2011 U.S. Dist. LEXIS 171258, at *5-6 (N.D. Cal. Mar. 17, 2011) ("Thus, if the state court action is removed to federal court, Section 1927 only becomes applicable if the accused party 'unreasonably and vexatiously' multiplies the proceedings while in federal court"). Therefore, the Sanctions Motion based on Section 1927 will be denied as to any conduct that did not occur in the 40 days that the case was pending in this Court. The reach of Section 1927 goes no further.

That then brings the analysis to what occurred in these proceedings and whether O'Brien is subject to Section 1927 sanctions on the basis of those proceedings. First there was the Petition for Removal because Shree raised federal constitutional claims. Next, there was the PMD to dispose of those claims. That was followed by an Amended Complaint deleting the federal claims. Nothing unreasonable or vexatious there. Nor was there any multiplying of the proceedings. And, then there was Shree's Motion to Remand (filed with the Amended Complaint deleting the federal claims). Finally, the City consented to remand the state claims. Nothing unreasonable or vexatious in any of that. And, again, no multiplying of proceedings.

Thus, there is no basis for sanctions against O'Brien for removal, moving to dismiss, or consenting to removal.

In sum, there is no basis for Section 1927 sanctions against the City, O'Brien, or the Law Firm. And, David Corrigan, the other target of the Sanctions Motion, never appeared in this Court. Nor has he been shown to have engaged in any sanctionable conduct in this Court. So, no Section 1927 sanctions could be levied against him.

Second, Shree seeks sanctions under the inherent power of the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Harvey v. Cable News Network, Inc., 48 F.4th 257, 276 (4th Cir. 2022) (internal quotation marks omitted) (quoting Six v. Generations Federal Credit Union, 891 F.3d 508, 519 (4th Cir. 2018)). Inherent powers should be "exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). And, they are to be exercised to award sanctions "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. at 45-46. Inherent powers sanctions are to be reserved for the most serious wrongdoing, especially when the misconduct is done "knowingly." SunTrust Mortg., Inc. v. AIG United Guar. Corp., Civil Action No. 3:09cv529, 2011 U.S. Dist. LEXIS 33118, at *56-59 (E.D. Va. Mar. 28, 2011) (Payne, J.). Willful blindness can be knowing misconduct for the purposes of inherent power sanctions. Id. at *62-67. For

inherent sanctions, Shree must prove entitlement to the sanctions by clear and convincing evidence. Id. at *60.

The authority from which inherent powers are derived and the narrowness of circumstances in which inherent powers sanctions are to be granted provides guidance as to the scope of conduct to be considered. On that score, inherent powers sanctions arise from the authority of a court to manage its "own affairs." Harvey, 48 F.4th at 276. And, Chambers teaches that inherent sanctions are to be issued in narrow circumstances. 501 U.S. at 44. Therefore, the Court should only base sanctions on the conduct that occurred before this Court, and not what occurred in the State Court, because the state court conduct is the affair of that court, not of the federal court.

Nothing in this record remotely establishes sanctionable conduct that occurred in the proceedings in this case in the 40 days that it was pending here. The few references to the non-existent ordinance in the pleadings that were filed herein have not been shown to have had any effect on anything that occurred in this Court, much less to have been prompted by bad faith. There is no evidence that O'Brien acted vexatiously or wantonly, for oppressive reasons, or engaged in any misconduct in anything that took place in this Court. So, there is no basis for inherent powers sanctions.

## CONCLUSION

For the foregoing reasons, the MOTION FOR SANCTIONS (ECF No. 19) will be denied by forthcoming order. Whether there was sanctionable conduct in the State proceedings is a matter for the State Court, not this one. So the denial is without prejudice to any proceedings there.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 16, 2026